James G. Carr, Sr. U.S. District Judge
This is an employment-discrimination case under Title VII of the Civil Rights *820 Act of 1964, 42 U.S.C. § 2000e, et seq. ; the Civil Rights of 1866, 42 U.S.C. § 1981 ; similar state-law provisions; and Ohio tort law.
Plaintiff Fred Holland is a white cardiothoracic surgeon who worked at defendant Mercy Health St. Vincent's Medical Center from 2013 until 2017. The gravamen of his complaint is that a group of Pakistan-born doctors who "ran" St. Vincent's schemed to deprive him of patient referrals because he is white and not of Pakistani origin. (Doc. 1 at ¶¶ 36-37).
In a prior order, I granted the defendants' motion for judgment on the pleadings as to all of Dr. Holland's claims except his state and federal claims of national-origin discrimination and a retaliation claim under Title VII and Ohio law - claims which the motion did not attack. Holland v. Mercy Health , 2018 WL 6041359 (N.D. Ohio 2018).
The dismissal was with prejudice as to two of the claims but "as to all other claims" was "without prejudice to [Holland's] filing of a motion for leave to amend and a proposed amended complaint." Id. at *13.
Pending is Holland's proposed amended complaint and a motion for leave to amend (Docs. 39, 40); the defendants' opposition (Doc. 41); and Holland's reply (Doc. 41).
For the reasons that follow, I grant the motion for leave to amend.
Discussion
A. Standard of Review
The defendants' principal argument is that Dr. Holland may not file an amended complaint unless he satisfies, not merely the standard set forth in Fed. R. Civ. P. 15(a)(2), but also "the requirements for reopening a case established by Civ. Rules 59 or 60." (Doc. 41, PageID 538). This is so, the defendants insist, because my prior order was "an adverse judgment and Dr. Holland's motion for leave has been filed in a post-judgment context." (Id. ).
Defendants' argument has no merit.
Most simply put, my prior decision was an interlocutory order that disposed of fewer than all of Holland's claims. See Dyer v. Osterhout , 2018 WL 7132457, *1 (6th Cir. 2018). Rules 59 and 60 do not apply to such an interlocutory order. E.g., Hewitt v. McCrary , 2019 WL 1365135, *8 (E.D. Mich. 2019) ; McWhorter v. ELSEA, Inc. , 2006 WL 3483964, *2 (S.D. Ohio 2006).
Furthermore, none of the cases on which the defendants rely requires me to apply - or even suggests that it is appropriate to apply - a more stringent standard to Dr. Holland's motion for leave to amend than Rule 15's liberal standard.
In Warstler v. Medtronic, Inc. , 2017 WL 3088037 (N.D. Ohio 2017), for example, I dismissed a complaint and entered a Rule 58 judgment. Thereafter, the plaintiff moved for reconsideration under Rule 59 and, for the first time in the litigation, sought leave to amend his complaint. Relying on binding Sixth Circuit precedent, I held that the plaintiff needed to meet, not the more permissive Rule 15 standard, but a "heavier burden ... to warrant post-judgment leave to amend." Id. at *4 ; see also Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv. , 616 F.3d 612, 617 (6th Cir. 2010) ("A plaintiff who seeks to amend his complaint after losing the case must provide a compelling explanation to the district court for granting the motion.") (emphasis in original).
The absence of a final judgment here means that Warstler is simply not on point.
Nor does the Circuit's decision in *821 Glazer v. Chase Home Fin. , 704 F.3d 453 (6th Cir. 2013), abrogated on other grounds by Obduskey v. McCarthy & Holthus LLP , --- U.S. ----, 139 S.Ct. 1029, --- L.Ed.2d ---- (2019), support the defendants' position.
Citing newly discovered evidence, Glazer moved to amend his complaint "four months after discovery of the new evidence, well after Chase's motion to dismiss had been filed and fully briefed, and one month after the magistrate [judge] recommended granted it." Glazer , supra , 704 F.3d at 458. The district court denied the motion, and the Sixth Circuit affirmed.
Contrary to the Mercy defendants' arguments here, however, the Circuit did not base its decision on Glazer's inability to meet some "heightened" standard or show a "compelling reason" for allowing the amendment. It held instead that Glazer flunked the Rule 15 test: "Glazer simply waited too long to seek leave to amend, and the delay unduly prejudiced Chase." Id. at 459.
Whether Dr. Holland waited "too long" to seek leave to amend his complaint, and whether any such delay "unduly prejudiced" the defendants, may be reasons to deny Holland's motion under Rule 15(a)(2). But they are not reasons to adopt the defendants' false - and, quite candidly, rather fanciful - premise that my earlier decision was somehow a final judgment as to some of the claims in Dr. Holland's complaint, such that Holland may not amend his complaint unless he satisfies Rule 59 or 60 or provides a "compelling reason," as in Leisure Caviar, supra , 616 F.3d at 617.
If this were not plain enough from the posture of the case, it is quite plain from my order itself, which expressly invited Dr. Holland to file a motion for leave to amend. Holland, supra , 2018 WL 6041359 at *13.
B. Leave to Amend
"Leave to amend should be 'freely' granted 'when justice so requires." Pittman v. Experian Info. Solutions, Inc. , 901 F.3d 619, 640 (6th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)(2) ).
" 'In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be freely given.' " Id. (quoting Foman v. Davis , 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ).
1. Parties' Arguments
Although I held in Holland, supra , 2018 WL 6041359, that ten of Holland's claims were implausible under the Iqbal /Twombly framework, I ordered that my dismissal of those claims was without prejudice to Holland's ability to file a motion for leave to amend.
In his motion, Dr. Holland does not ask for permission to amend all ten claims.
Rather, he seeks leave to amend only his claims of: 1) race discrimination under Title VII and Ohio law; 2) retaliation under Title VII and Ohio law based on his opposition to allegedly illegal discrimination; 3) interference with contract under 42 U.S.C. § 1981 ; and 4) tortious interference with contract under Ohio law. (Doc. 42, PageID 614-15).
The motion relies largely on "the Sixth Circuit's liberality standard with respect to allowing amendments[.]" (Doc. 40, PageID 483 at ¶ 14).
Dr. Holland also argues that the proposed amendments "cured many deficiencies identified in his original complaint,"
*822 such that the amendment are "not futile." (Id. , PageID 482 at ¶ 12). He emphasizes that, as previously noted, the amended complaint "removed several causes of action altogether." (Id. ). Finally, Dr. Holland argues that the amendment would not prejudice the defendants because I recently extended the discovery schedule. (Id. , PageID 482 at ¶ 13).
Apart from their misguided arguments supra , the defendants contend that I should deny Holland's motion under Rule 15 because of Holland's "undue delay, bad faith, and resulting prejudice" to them. (Doc. 41, PageID 551).
The defendants urge me to find that Dr. Holland is using my prior order as an advisory opinion on the viability of his complaint and attempting to correct the deficiencies identified there with information long known to him. (Id. , PageID 545, 549).
2. Analysis
Having considered these arguments, I will grant the motion for leave to amend over the defendants' objections.
First, as my colleague District Judge Benita Y. Pearson, has aptly noted, "the Sixth Circuit has held that it is not appropriate to dismiss even improperly pled claims with prejudice without giving the party an opportunity to correct the pleading deficiency." Empire Title Servs., Inc. v. Fifth Third Mortg. Co. , 298 F.R.D. 528, 530 (N.D. Ohio 2014).
Indeed, " 'where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice.' " Id. (quoting U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc. , 342 F.3d 634, 644 (6th Cir. 2003) ).
Second, given the vigor with which the defendants' Rule 12(c) motion successfully challenged the plausibility of Dr. Holland's complaint, I had expected the defendants to raise similar challenges in their opposition to the motion for leave. Yet the defendants' brief does not address the plausibility of any of Dr. Holland's claims.
In these circumstances, it would be inappropriate to deny Dr. Holland's motion and forever preclude him from proceeding on the claims at issue, as not even the defendants have argued that those claims remain implausible.
Third, and given the foregoing considerations, I do not find much merit it, and thus give little weight to, the defendants' undue-delay and prejudice arguments.
Defendants note that, by virtue of their May, 2018 motion for judgment on the pleadings, Holland has long been on notice of the "fatal flaws" in his original complaint. (Doc. 41, PageID 539-40). But rather than file a motion for leave to amend after being so advised, defendants continue, Dr. Holland opposed the Rule 12(c) motion. (Id. , PageID 540). Only now, the defendants' argument concludes, more than seven months after they filed their motion, Holland has tried to amend the complaint based on information that his long been available to him. (Id. , PageID 549 -50).
I disagree that these circumstances should preclude Dr. Holland from obtaining leave to amend.
Most importantly, these considerations do not, and should not, in my view override Dr. Holland's ability to submit a "more carefully drafted complaint" setting forth his claims. Empire Title Servs., supra , 298 F.R.D. at 530. This is especially true where the defendants have not challenged the plausibility of the amended complaint.
In any event, the defendants' claims of prejudice flowing from the delay are entirely *823 conclusory. There is no contention that my granting the motion for leave will affect the discovery schedule, require more or more onerous forms of discovery, or the like. Nor is there an explanation of how the defendants have been or will be prejudiced, other than the bare fact that more claims will remain in the case than the defendants believe should remain in the case.
Fourth, defendants' claim that Dr. Holland's motion is in bad faith is hard to square with his having abandoned several of the claims that I identified as implausible in Holland, supra .
Rather than seek amendment of the complaint in toto , Dr. Holland has properly winnowed out the most implausible of his claims, such as his claims for hostile work environment, see Holland, supra , 2018 WL 6041359 at *5-7, violations of the Ohio whistleblower statute, see id. at *12, and intentional infliction of emotional distress, see id. at *12-13.
At the end of the day, Rule 15 instructs that "[l]eave to amend should be 'freely' granted 'when justice so requires." Pittman , 901 F.3d at 640 (quoting Fed. R. Civ. P. 15(a)(2) ). Sixth Circuit precedent holds that plaintiffs ought to have "at least one chance to amend the complaint" where "a more carefully drafted complaint might state a claim." Bledsoe, supra , 342 F.3d at 644. And the defendants have not set forth a meritorious basis for overriding these principles and denying leave to amend.
I will therefore grant Dr. Holland's motion for leave to amend.
Conclusion
It is, therefore,
ORDERED THAT:
1. Plaintiff's motion for leave to file an amended complaint (Doc. 40) be, and the same hereby is, granted.
2. In accordance with my prior order (Doc. 34, PageID 418 at ¶ 4), plaintiff's claims in the original complaint for hostile work environment, employment discrimination under Ohio law against defendants Hashmi and Andrabi in their individual capacities, violations of the Ohio whistleblower statute against all defendants, and intentional infliction of emotional distress be, and the same hereby are, dismissed with prejudice.
So ordered.